# Supreme Court of Florida

---

No. SC23-114

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.320.**

February 2, 2023

PER CURIAM.

The Court, on its own motion, amends Florida Rule of General Practice and Judicial Administration 2.320 (Continuing Judicial Education) to align the rule with recent Court-approved changes to the policies and procedures of the Florida Court Education Council.[1]

We amend rule 2.320 as reflected in the appendix to this opinion. Among other changes in subdivision (b)(2) (Minimum Requirements), we add an explanation of the portions of approved courses that can be used to fulfill the judicial ethics requirement, and we address the availability of credit for completion of Florida

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

Judicial College programs. In subdivision (c) (Course Approval), the Court clarifies approval for courses. And in subdivision (e) (Reporting Requirements and Sanctions), we direct that the Office of Court Education within the Office of the State Courts Administrator monitor compliance with the rule.

New language is indicated by underscoring in the appendix, and deletions are indicated by struck-through type. The amendments shall become effective immediately. Because the amendments were not published for comment previously, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before April 18, 2023, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

For the benefit of the public, of those subject to continuing judicial education requirements, and of those inclined to comment on the rule amendments we make today, a brief response to the dissent's comments on "fairness and diversity" is in order.

Amended rule 2.320(b)(2) leaves intact the existing requirement that, for each reporting cycle, 4 of each judge's 30 continuing education hours "must be in the area of judicial ethics." The amendment adds new language to the rule text to specify that, to satisfy this judicial ethics content requirement, a judge can receive credit for "portions of approved courses which pertain to judicial professionalism, opinions of the Judicial Ethics Advisory Committee, and the Code of Judicial Conduct." The amendment deletes existing language saying that: "Approved courses in fairness and diversity also can be used to fulfill the judicial ethics requirement." The newly added language identifies course content that unquestionably pertains to the subject of judicial ethics; by contrast, the pre-amendment rule text was overbroad, because course content about "fairness and diversity" might or might not pertain to judicial ethics.

Although we have deleted from rule 2.320(b)(2) the unilluminating and frequently contested term "fairness and diversity," course content on procedural fairness and nondiscrimination will continue to qualify for ethics credit. The revised rule text explicitly says that ethics credit will be given for classes on the Code of Judicial Conduct. And a review of the relevant Code provisions shows that civility and equal regard for the legal rights of every person are at the heart of judicial professionalism. Consider these examples:

Canon 3.B.(4) says:

A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers, and of staff, court officials, and others subject to the judge's direction and control.

Canon 3.B.(5) says (in pertinent part):

A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, and shall not permit staff, court officials, and others subject to the judge's direction and control to do so.

Canon 3.B.(6) says (in pertinent part):

A judge shall require lawyers in proceedings before the judge to refrain from manifesting, by words, gestures, or other conduct, bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, against parties, witnesses, counsel, or others.

Finally, Canon 3.B.(7) says (in pertinent part):

A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.

Our Court remains unwavering in its commitment to the foundational principles of civility, due process, and equal justice under law. Any contrary suggestion in the dissent is unjustified.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., dissenting.

On its own motion, this Court has expressly removed the terms "fairness" and "diversity" from the course topics that Florida's state court judges may use to satisfy their continuing judicial education ethics requirement. While I appreciate the majority's

- 5 -

observation that the existing rules should be sufficient to cover appropriate ethics courses on these topics, this unilateral action potentially eliminates vital educational content from our state courts' judicial education curriculum and does so in a manner inconsistent with this Court's years-long commitment to fairness and diversity education. Moreover, it paves the way for a complete dismantling of all fairness and diversity initiatives in the State Courts System. I strenuously dissent.

As recently as August 2020, this Court issued an administrative order noting "the State Courts System's efforts to eliminate from court operations bias that is based on race, gender, ethnicity, age, disability, financial status, or any characteristic that is without legal relevance." *In re Standing Committee on Fairness and Diversity*, Fla. Admin. Order No. AOSC20-72 (Aug. 3, 2020). This order, relating to the work of the Supreme Court Standing Committee on Fairness and Diversity, directed the Standing Committee to, "[i]n consultation with the Florida Court Education Council, *develop a curriculum for a virtual implicit bias judicial education program.*" *Id.* (emphasis added). Particularly relevant to the time, the order specified that the "curriculum should

incorporate specific strategies that judges and court staff can use to identify and prevent implicit bias in the adjudication of cases during times of pandemic, natural disasters, and other unexpected events that may lead to closure or alternative means of holding court." *Id.*

In July 2021, the administrative order was amended to clarify the role of the Florida Court Education Council. The amended order included the following: "The efforts of the Standing Committee shall be designed to inculcate the judicial duty to treat every litigant and lawyer in an unbiased and respectful manner, to never stereotype any individuals who come before Florida's courts, and to administer equal justice to all under our constitutional system." *In re Standing Committee on Fairness and Diversity*, Fla. Admin. Order No. AOSC20-72, Amend. 1 (July 2, 2021). To that end, the Standing Committee was tasked with "[p]rovid[ing] input to the Florida Court Education Council as the Council *develops and delivers curricula for judicial education programs on bias elimination.*" *Id.* (emphasis added).

Now, inexplicably, and without *prior* input from relevant parties, a mere one-and-a-half years later, this Court sees fit to

- 7 -

eliminate an express consideration of fairness and diversity from the continuing judicial education curriculum. As stressed by the majority, the canons in the Code of Judicial Conduct do prohibit bias and prejudice in their various forms. However, the purpose of providing express consideration to fairness and diversity education has been to complement the canons, and in the hopes of addressing the extremely complex issue that is discrimination, to educate the judiciary on strategies for recognizing and combatting discrimination. For these reasons, such a decision at this level of institutional gravity is, in my opinion, unwarranted, untimely, and ill-advised.

I respectfully dissent.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

**APPENDIX**

**Rule 2.320.     Continuing Judicial Education**

**(a)** [No Change]

**(b) Education Requirements.**

(1) [No Change]

(2) *Minimum Requirements.* Each judge and justice shall complete a minimum of 30 credit hours of approved judicial education programs every 3 years. Beginning January 1, 2012, 4 hours must be in the area of judicial ethics; prior to that date, 2 hours in the area of judicial ethics are required. The portions of aApproved courses which pertain to judicial professionalism, opinions of the Judicial Ethics Advisory Committee, and the Code of Judicial Conductin fairness and diversity also can be used to fulfill the judicial ethics requirement. In addition to the 30-hour requirement, eEvery judge new to a level of trial court must complete the Florida Judicial College program in that judge's first year of judicial service following selection to that level of court; every new appellate court judge or justice must, within 2 years following selection to that level of court, complete an approved appellate-judge program. Every new appellate judge who has never been a trial judge or who has never attended Phase I of the Florida Judicial College as a magistrate must also attend Phase I of the Florida Judicial College in that judge's first year of judicial service following the judge's appointment. Judges and justices will receive credit for attending these programs. Credit for teaching a course for which mandatory judicial education credit is available will be allowed on the basis of 2 ½ hours' credit for each instructional hour taught, up to a maximum of 5 hours per year.

(3) [No Change]

**(c) Course Approval.** The Florida Court Education Council, in consultation with the judicial conferences, shall develop approved courses for each state court jurisdiction. Judges may receive credit

for cCourses offered by other judicial and legal education entities subject to course approval by the Florida Court Education Council or the Office of Court Education within the Office of the State Courts Administrator must be approved by the council before they may be submitted for credit.

**(d)** [No Change]

**(e) Reporting Requirements and Sanctions.** The Florida Court Education Council shall establish a procedure for reporting annually to the chief justice on compliance with this rule. Each judge shall submit to tThe Office of Court Education Division of within the Office of the State Courts Administrator shall monitor compliance with this rulean annual report showing the judge's attendance at approved courses. Failure to comply with the requirements of this rule will be reported to the chief justice of the Florida supreme court for such administrative action as deemed necessary. The chief justice may consider a judge's or justice's failure to comply as neglect of duty and report the matter to the Judicial Qualifications Commission.